**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

RANDY LEE SCHELL,

   Petitioner,

vs.

UNITED STATES OF AMERICA,

   Respondent.

No. C12-4094-MWB
No. CR08-4049-MWB

**MEMORANDUM OPINION AND ORDER REGARDING RESPONDENT'S MOTION TO DISMISS**

_____

**TABLE OF CONTENTS**

*I.*  *INTRODUCTION AND BACKGROUND ................................................ 2*
  *A.*  *Procedural Background ............................................................. 2*
    *1.*  *Criminal case proceedings ................................................ 2*
    *2.*  *Petitioner's § 2255 motion ................................................ 3*
*II.*  *LEGAL ANALYSIS ............................................................................... 5*
  *A.*  *Standards for Motions to Dismiss ............................................. 5*
  *B.*  *Standards for Equitable Tolling ................................................. 7*
  *C.*  *Schell's Equitable Tolling Claim ............................................... 7*
    *1.*  *Diligence ......................................................................... 8*
    *2.*  *Extraordinary circumstances ............................................ 10*
    *3.*  *Disposition ....................................................................... 11*
  *D.*  *Certificate Of Appealability ........................................................ 12*
*III.*  *CONCLUSION ...................................................................................... 12*

# I. INTRODUCTION AND BACKGROUND

This case is before me on the respondent's motion to dismiss (docket no. 3), in which the respondent seeks dismissal of petitioner Randy Lee Schell's *pro se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence as untimely pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Schell resists respondent's motion and contends that the statute of limitations on his § 2255 motion should be equitably tolled, owing to the conduct of his counsel, which prevented him from timely filing his § 2255 motion.

## A. *Procedural Background*

### 1. *Criminal case proceedings*

On April 30, 2008, an information was filed against Schell, charging him with conspiring to distribute and possess with intent to distribute 500 grams or more of methamphetamine within 1000 feet of a park and school, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846 and 860(a). On May 5, 2008, Schell pleaded guilty, pursuant to a plea agreement, to the charge. The plea agreement provided that in the event Schell provided "substantial assistance," the prosecution may, in its "sole discretion," file a motion under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1. The plea agreement also stated that "[a]t or before the time of sentencing," the prosecution would "advise the court of any assistance, or lack thereof, provided by [Schell]." After pleading guilty, Schell cooperated with the prosecution by "debrief[ing] on more than one occasion."

The prosecution, however, decided not to file a substantial assistance motion. The prosecution informed Schell of its decision a week before the sentencing hearing, and

informed me of its position at Schell's sentencing hearing on September 4, 2008. I calculated an advisory guideline range of 79 to 97 months' imprisonment based on a total offense level of 28 and a criminal history category of I. Because the statutory minimum sentence applicable to Schell was 120 months' imprisonment, however, his advisory guideline sentence became 120 months. *See* USSG § 5G1.1(b). I pointed out that I was bound by the mandatory minimum sentence, and sentenced Schell to 120 months' imprisonment and 10 years' supervised release.

Schell appealed his sentence, arguing that the prosecution breached the plea agreement by failing to make a substantial assistance motion under § 3553(e) or § 5K1.1, and by not apprising me about all of Schell's assistance. The Eighth Circuit Court of Appeals denied Schell's appeal on September 2, 2009, and the mandate was issued the same day. Schell did not file either a petition for rehearing with the Eighth Circuit Court of Appeals or a petition for *certiorari* with the United States Supreme Court.

### 2. *Petitioner's § 2255 motion*

On October 19, 2012, Schell filed a *pro se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody. In his *pro se* § 2255 motion, Schell asserts that his counsel provided ineffective assistance. More specifically, he claims that his counsel was ineffective in failing to investigate the facts underlying the charged offense and, as a result, he received multiple punishments for the same conduct in violation of the Double Jeopardy Clause. After respondent filed its answer, I set a briefing schedule and counsel was appointed to represent Schell on the § 2255 motion. Respondent, in turn, filed a motion to dismiss, seeking dismissal of Schell's § 2255 Motion as untimely pursuant to Rule 12(b)(6) of the Federal Rules of

Civil Procedure.[1] Schell filed an amended resistance, conceding that his § 2255 Motion was not filed within one year of the date of the judgment of conviction, but asserting that

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 imposed, among other things, a one–year statute of limitations on motions by prisoners seeking to modify, vacate or correct their federal sentences. *Johnson v. United States*, 544 U.S. 295, 299 (2005). The one-year statute of limitations that runs from the latest of four possible dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.28 U.S.C. § 2255(f).

28 U.S.C. § 2255(f). Here, Schell's limitation period began to run on December 1, 2009, the day after expiration of the time in which Schell could file a petition for writ of certiorari with the Supreme Court. *See United States v. Clay*, 537 U.S. 522, 525 (2003) ("For the purpose of starting the clock on § 2255's one-year limitation period, we hold, a judgment of conviction becomes final when the time expires for filing a petition for *certiorari* contesting the appellate court's affirmation of the conviction."); *Taylor v. United States*, 792 F.3d 865, 868 (8th Cir. 2015) (same, quoting *Clay*); *United States v. Martin*, 408 F.3d 1089, 1090 (8th Cir. 2005) (same); *see also United States v. Hurst*, 322 F.3d 1256, 1260 (10th Cir. 2003) (holding that 90 day period in which to file petition for *certiorari* with the United States Supreme Court accrued, and one-year limitations period to file a § 2255 motion began to run, when petitioner's petition for rehearing on his direct appeal was denied). Schell did not place his § 2255 motion in the prison mailing

the statute of limitations on his § 2255 Motion should be equitably tolled, owing to the conduct of his counsel.

## II. LEGAL ANALYSIS

### A. *Standards for Motions to Dismiss*

Section 2255 proceedings are civil in nature and, therefore, governed by the Federal Rules of Civil Procedure, *see, e.g., Mandacina v. United States*, 328 F.3d 995, 1000 & n.3 (8th Cir. 2003), including Rule 12(b), which provides for a pre-answer motion to dismiss on various grounds. In *Moore v. United States*, 173 F.3d 1131 (8th Cir. 1999), the Eighth Circuit Court of Appeals held that the references to a one-year "period of limitation" and a "limitation period" in 28 U.S.C. § 2255(f) "does not purport to limit the jurisdiction of the courts," and, as such, the "limitation period" is subject to "equitable tolling." *Id.* at 1134. More importantly, here, because the "statute of limitations" in § 2255(f) is not "jurisdictional," a motion to dismiss based on untimeliness is pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for "failure to state a claim upon which relief can be granted," rather than pursuant to Rule 12(b)(1), for lack of subject matter jurisdiction.

Although factual "plausibility" is ordinarily the central focus of Rule 12(b)(6) motions to dismiss under the Twom-bal standard, various federal Circuit Courts of Appeals have expressly recognized, and the Eighth Circuit Court of Appeals has suggested, that the Twom-bal standard still permits dismissal pursuant to Rule 12(b)(6) of a claim that lacks a cognizable legal theory, in addition to permitting dismissal for

---

system until October 17, 2012, over 22 months after the one year period of limitations expired on December 2, 2010.

factual implausibility.² *See Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013); *see also Ball v. Famiglio*, 726 F.3d 448, 469 (3d Cir. 2013) (a claim may be dismissed if it is based on an "indisputably meritless legal theory"); *Commonwealth Prop. Advocates, L.L.C. v. Mortgage Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1202 (10th Cir. 2011) ("Dismissal is appropriate if the law simply affords no relief."); see also *Philadelphia Indem. Ins. Co. v. Youth Alive, Inc.*, 732 F.3d 645, 649 (6th Cir. 2013) (recognizing that a claim must plead sufficient facts under a "viable legal theory"); *cf. Brown v. Mortgage Electronic Registration Sys., Inc.*, 738 F.3d 926, 933 n.7, 934 (8th Cir. 2013) (noting the appellate court's agreement "with the district court's sound reasoning that the facts pled do not state a cognizable claim under Arkansas law" and holding that dismissal pursuant to Rule 12(b)(6) was appropriate, because Arkansas law did not impose the purported duty on which an unjust enrichment claim and a state statutory claim were based). It is precisely the lack of a cognizable legal theory for Schell's § 2255 motion, because it is untimely, that is the proper basis for the respondent's Motion To Dismiss in this case,

On the respondent's Motion To Dismiss pursuant to Rule 12(b)(6), I may consider the docket and documents filed in the underlying criminal case, from which Schell seeks § 2255 relief. *See Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 931 n.3 (8th Cir. 2012) (citing 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (3d ed. 2004)), and because they are "'necessarily embraced by the pleadings.'" *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1128

---

²The "Twom-bal standard" is my nickname for the "plausibility" pleading standard established in the United States Supreme Court's twin decisions on pleading requirements, and standards for dismissal for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for claims in federal court. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

(8th Cir. 2012) (quoting *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003)).

### B. *Standards for Equitable Tolling*

The Eighth Circuit Court of Appeals summarized the context and requirements for "equitable tolling," as follows:

> We begin by noting the Antiterrorism and Effective Death Penalty Act of 1996 imposed, among other things, a one-year statute of limitations on motions by prisoners under section 2255 seeking to modify, vacate, or correct their federal sentences. *See Johnson v. United States*, 544 U.S. 295, 299, 125 S. Ct. 1571, 161 L.Ed.2d 542 (2005). The one-year statute of limitation may be equitably tolled "only if [the movant] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 2562, 177 L.Ed.2d 130 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L.Ed.2d 669 (2005)) (applicable to section 2254 petitions); *see also United States v. Martin*, 408 F.3d 1089, 1093 (8th Cir.2005) (applying same rule to section 2255 motions). We review this claim de novo. *See Martin*, 408 F.3d at 1093.

*Muhammad v. United States*, 735 F.3d 812, 815 (8th Cir. 2013).

### C. *Schell's Equitable Tolling Claim*

I will consider the two prongs of Schell's equitable tolling claim in turn. I will begin with the "diligence" prong.

*1.    Diligence*

Respondent disputes Schell's "diligence" in pursuing his § 2255 Motion. *See Muhammad*, 735 F.3d at 815 (identifying the two prongs of an "equitable tolling" claim as "extraordinary circumstances" and "diligence"). As the Eighth Circuit Court of Appeals has explained,

> "The diligence required for equitable tolling purposes is 'reasonable diligence' not 'maximum feasible diligence.'" *Holland*, 130 S. Ct. at 2565 (internal citations and quotation marks omitted). In *Holland*, the Supreme Court decided the habeas petitioner had acted with reasonable diligence when he wrote his attorney numerous letters requesting information and providing direction; repeatedly contacted state courts, state court clerks, and the state bar association in an attempt to have his attorney removed from the case; and prepared his own habeas petition and filed it on the very day he discovered he was out of time. *Id*.
>
> This court has found a section 2255 movant demonstrated diligence when he hired counsel well ahead of the deadline, "did everything in [his] power to stay abreast of the status of his case," provided original documents to his attorney to assist with the motion, filed a complaint with the state bar, and filed motions with the district court seeking an extension of time and the return of documents submitted to the attorney. *Martin*, 408 F.3d at 1095.

*Muhammad*, 735 F.3d at 816-17; *accord Anjulo-Lopez v. United States*, 541 F.3d 814, 818 (8th Cir. 2008) ("'Due diligence therefore does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option.' *Aron v. United States*, 291 F.3d 708, 712 (11th Cir. 2002). But, it does at least require that a prisoner make *reasonable* efforts to discover the facts supporting his claims. *Id*.").

Schell alleges that, in June 2010, he participated in the filming of a documentary in which I asked inmates if they knew why they did not qualify for safety valve relief.

8

As a result of my question, Schell contends he conducted research to try to answer why he did not receive safety valve relief at sentencing, but found it difficult to understand the legal terms and language.[3] He then claims that he contacted his counsel, to discuss the safety valve issue, but received no response. Schell then asserts that he sent a letter to his divorce counsel, asking if she would represent him in a § 2255 action but she never followed-up with Schell. Schell claims that he subsequently received a response from defense counsel telling him to move on and do his time. Unsatisfied with this response, Schell decided to file his *pro se* § 2255 motion.

At the time of the documentary's filming, in June of 2010, only six months had run on Schell's one-year limitation period. Nothing prevented Schell from filing his *pro se* § 2255 motion in the following six months and, thus, within the one year time limitation. Indeed, Schell did not file his § 2255 motion for over two years after the documentary's filming. Although Schell indicates that, at some point after the date of the documentary's filming in June 2010, he reached out to both his defense counsel and his divorce counsel for assistance, he fails to indicate when he sent these letters. Accordingly, I conclude that the record does not demonstrate that Schell pursued his rights diligently. *See Diaz–Diaz v. United States*, 297 Fed. App'x 574, 576 (8th Cir. 2008)(reasoning that the fact that petitioner waited "many months before following up on his request for legal materials cuts against his claim for equitable tolling. Thus, [the petitioner] failed to establish 'diligent pursuit' of his rights.").

---

[3]Even if Schell met the safety valve criteria set out in U.S.S.G. § 5C1.2, his conviction under § 860(a) made him ineligible for safety valve relief. *See United States v. Koons*, 300 F.3d 985, 993 (8th Cir. 2000); *see also United States v. Phillips*, 382 F.3d 489, 500 (5th Cir. 2004); *United States v. Ramirez*. 58 Fed. App'x 536 (3rd Cir. 2002); *United States v. Kakatin*, 214 F.3d 1049, 1051-52 (9th Cir. 2000); *United States v. Anderson*, 200 F.3d 1344, 1346–48 (11th Cir. 2000); *United States v. McQuilkin*, 78 F.3d 105, 107–09 (3d Cir. 1996).

### *2.     Extraordinary circumstances*

As the Eighth Circuit Court of Appeals has explained,

> An attorney's negligence or mistake is not generally an extraordinary circumstance, however "serious attorney misconduct, as opposed to mere negligence, 'may warrant equitable tolling.'" *Martin*, 408 F.3d at 1093 (quoting *Beery v. Ault*, 312 F.3d 948, 952 (8th Cir.2002)). For example, the Supreme Court remanded for a lower court to make an extraordinary-circumstances determination where the attorney "failed to file [the client's] federal petition on time despite [the client's] many letters that repeatedly emphasized the importance of his doing so," "apparently did not do the research necessary to find out the proper filing date," "failed to inform [the client] in a timely manner about the crucial fact that the Florida Supreme Court had decided his case," and "failed to communicate with his client over a period of years." *Holland*, 130 S. Ct. at 2564.
>
> Comparatively, we have found extraordinary circumstances in a situation where the movant's attorney "consistently lied to [the movant] and his wife about the filing deadline; repeatedly lied to [the movant] and his wife about the status of [the movant's] case; refused to communicate with [the movant] or his family; neglected to file any documents, belated or not, on [the movant's] behalf; and failed to return any of [the movant's] paperwork to him despite repeated requests and then demands." *Martin*, 408 F.3d at 1095.

*Muhammad*, 735 F.3d at 816.

The court in *Muhammad* concluded that the prisoner in that case had not alleged circumstances that came close to those in *Holland* or *Martin* because, despite the attorney's alleged initial statement that she would file a § 2255 Motion for the prisoner, the attorney then quit communicating with the prisoner; the attorney did not lie to the

10

prisoner about the deadlines for filing his motion, or repeatedly tell him that she would file the motion; the attorney did not fail to communicate critical information about the prisoner's case; and the attorney did not withhold from the prisoner necessary paperwork to prepare the motion. *Id*. Furthermore, while the court did not "condone" the attorney's failure to respond to the prisoner's attempts to contact her, the court concluded that the attorney's actions did not amount to "extraordinary circumstances." *Id*.

I find that Schell's counsels' conduct does not present an extraordinary circumstance that prevented Schell from filing a timely § 2255 motion. The facts in this case are comparable to those presented in *Muhammad*. Like in *Muhammad*, there was no burden on Schell other than the inability to reach counsel and nothing stood in the way of him filing his motion. *Muhammad*, 735 F.3d at 816. Even if Schell's counsels' conduct was improper, under these circumstances, it was a "garden variety" error, which does not warrant equitable tolling. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, (1990). Accordingly, I find Schell has not met his burden of proving that there were extraordinary circumstances that prevented the timely filing of his § 2255 motion.

### *3. Disposition*

In summary, I conclude that, as a matter of law, Schell did not act "diligently" in filing his § 2255 motion. *See Torgerson*, 643 F.3d at 1042-43. I also conclude, as a matter of law, that Schell has not established that "extraordinary circumstances" of his counsels' misconduct prevented him from filing a timely § 2255 Motion. Because Schell has not established either element of equitable tolling, equitable tolling is not warranted in this case. Without equitable tolling, Schell's § 2255 motion is untimely and respondent's Motion to Dismiss is granted.

### D. Certificate Of Appealability

Schell must make a substantial showing of the denial of a constitutional right in order to be granted a certificate of appealability in this case. *See Miller-El v. Cockrell*, 537 U.S. 322 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller-El v. Cockrell* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). I determine that Schell's motion does not present questions of substance for appellate review and, therefore, does not make the requisite showing to satisfy § 2253(c). *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b). Accordingly, with respect to Schell's claim, I do not grant a certificate of appealability pursuant to 28 U.S.C. § 2253(c). Should Schell wish to seek further review of his petition, he may request a certificate of appealability from a judge of the United States Court of Appeals for the Eighth Circuit. *See Tiedman v. Benson*, 122 F.3d 518, 520-22 (8th Cir. 1997).

### III. CONCLUSION

For the reasons discussed above, because Schell has not satisfied either requirement for "equitable tolling" of the § 2255(f) limitations period for his § 2255 motion, his § 2255 motion, filed more than one year after the judgment of the Eighth

Circuit Court of Appeals on his direct appeal became final, is untimely. As such, it fails to state a cognizable claim upon which relief can be granted, and respondent's Motion to Dismiss is granted. Accordingly, Schell's motion under 28 U.S.C. § 2255 is denied and this case is dismissed. No certificate of appealability will issue for any claim or contention in this case.

**IT IS SO ORDERED**.

**DATED** this 11th day of January, 2016.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA